**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO PEREZ SAINZ,<br><br>                    Petitioner,<br><br>        v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 07-73727<br><br>Agency No. A098-450-431<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2011[**]
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Mario Perez Sainz petitions for review of a decision of the Board of

Immigration Appeals ("BIA") adopting and affirming the decision of the

Immigration Judge ("IJ") denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. When the "BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We review the agency's factual determinations for substantial evidence and reverse only where the evidence compels a contrary conclusion. Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002).

The IJ found Perez Sainz credible but denied his application for asylum, finding that his past experiences did not constitute persecution on account of his membership in the particular social group of homosexual men in Mexico. Substantial evidence supports the IJ's finding that Perez Sainz's experiences of police harassment did not rise to the level of persecution. Cf. Boer-Sedano v. Gonzales, 418 F.3d 1082,1088 (9th Cir. 2005) (Mexican homosexual forced to perform oral sex nine times on police officer suffered past persecution). Substantial evidence also supports the IJ's finding that, on this record, Perez Sainz failed to demonstrate that the Mexican government was unable or unwilling to control the individuals who abused him as a child. See Rahimzadeh v. Holder, 613 F.3d 916, 923 (9th Cir. 2010).

The IJ's conclusion that Perez Sainz failed to demonstrate a well-founded fear of persecution, particularly in light of Perez Sainz's four years living in

Mexico without incident prior to his most recent entry into the United States, was also supported by substantial evidence.  See Benyamin et al. v. Holder, 579 F.3d 970, 977 (9th Cir. 2009).  Because Perez Sainz was unable to meet his burden to establish eligibility for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal.  See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir. 2006).  Substantial evidence also supports the conclusion that Perez Sainz is ineligible for CAT relief because he failed to demonstrate that it is more likely than not that he would face torture if returned to Mexico.  See Silaya v. Mukasey, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION DENIED.**